Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 687 | **DATE** | March 11, 2011 |
| **CASE TITLE** | *Joe Rizza v. Wausau Underwriters* | | |

**DOCKET ENTRY TEXT**

Defendant Wausau Underwriters' motion for leave to depose Lourdes Palomo [92-1] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

During the pretrial conference held March 3, 2011, just a little more than two weeks before trial, defendant Wausau Underwriters sought leave to depose Lourdes Palomo. While working for plaintiff Joe Rizza, Palomo filed a workers' compensation claim, which Wausau paid. Joe Rizza contends that Wausau did not adequately investigate Palmo's claim before paying it, one of the issues raised in this lawsuit. Wausau followed up its request at the pretrial conference with a written motion. The court entered a briefing schedule, allowing Joe Rizza time to respond, and Wausau time to file a reply. Although Joe Rizza filed its response brief, as of the entry of this order Wausau had not filed a reply brief even though the deadline to do so had passed.

In its motion, Wausau seeks leave to conduct a video deposition of Palomo because she lives outside the jurisdiction of this court and, therefore, cannot be compelled to appear as a trial witness. According to Wausau, it only recently learned that Palomo is confined to a wheelchair and that travel is painful for her. Under Federal Rule of Civil Procedure 32(a)(4), a party may use the deposition of a witness at trial in lieu of live testimony if the witness is unavailable because she (1) is dead, (2) lives more than 100 miles from the place of the trial, (3) cannot attend because of infirmity or imprisonment, (4) could not be procured by subpoena, or (4) if exceptional circumstances exist.

There is no dispute that Palomo is an unavailable witness under Rule 32(a)(4). However, her unavailability establishes only that her deposition can be used at trial, not that Wausau is entitled to reopen the discovery schedule in order to take Palomo's deposition at this late date.

Under the discovery schedule originally entered, fact discovery was to conclude on January 15, 2010. The assigned magistrate judge extended fact discovery multiple times, the last extension granted in response to a request by Wausau's counsel. In the motion for an extension filed February 23, 2010, Wausau's counsel stated that she needed additional time because, among other reasons, she had "issued subpoenas for the depositions of the claimants involved in the claims that plaintiff alleges were mishandled." Motion for Extension [47-1] at 2. Under the extension granted by the magistrate judge, the close of written fact discovery was set for April 12, 2010, while the final date for depositions was set for June 21, 2010.

| **STATEMENT** |
|---|

The only reason Wausau has identified for failing to depose Palomo before discovery closed was because it only recently learned that Palomo is wheelchair bound and, therefore, it could not compel her attendance at trial. However, Wausau would have been unable to compel Palomo's attendance at trial regardless of her disability because Palomo lives in West Virginia, well beyond the reach of this court's subpoena power. *See* Fed. R. Civ. P. 45(b)(2) (subpoena may be served either within the district of the issuing court, or outside the district but within 100 miles of the place for the deposition or trial). Wausau has not asserted that Palomo somehow misled Wausau into believing that she would voluntarily appear for trial or offered any other excuse for its failure to depose her earlier. In fact, Wausau admits that it subpoenaed Palomo to appear for her deposition well before the June 2010 deadline but, for whatever reason, Palomo did not appear and at no time before the March 3, 2011, did Wausau make any effort to compel Palomo's appearance.

Requests for extensions of the discovery schedule are governed by Federal Rule of Civil Procedure 16(b)(4), under which a discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A district court has substantial discretion in managing discovery, including whether or not to modify the discovery schedule. *See Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, No. 09 CV 7217, 2010 WL 5129224, at *6 (N.D. Ill. Dec. 17, 2010). In an exercise of its discretion, the court determines that Wausau has identified no good cause under Rule 16(b)(4) for reopening the discovery schedule given Wausau's failure to identify any legitimate reason for not deposing Palomo earlier.

"Throughout the range of the law, there are time limits imposed on litigants at every stage of the case: some are mandatory and admit of no deviations; others are more flexible. But in each instance, lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests. Even a day's delay can be fatal." *Finwall v. City of Chicago*, 239 F.R.D. 494, 496 (N.D. Ill. 2006). Deadlines both allow the court to effectively manage its docket, as well as prevent the opposing party from suffering any undue prejudice. Wausau's decision to wait until the eleventh hour to seek to depose Palomo threatens to wreak havoc with the court's trial schedule, as well as interfere with the preparations of plaintiff's counsel during the final few days preceding trial.

Accordingly, Wausau's motion for leave to depose Palomo is denied.

rs/cpb